**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Gsaac Gorge PINTO–MEJIA, Orlando Espinosa Sanchez, Jorge Eliecer Cordoba-Lezcano, Luis Ancizar Castenad-Garjales, Luis Alfonso Barker-Michel, Carlos Osorio-Alvarez, Luis Francisco Mayorga, Jose Felix Angulo-Quinones, Roberto Nunez-Riasco, Blas Enrique Vargas-Rios, Euclidez Vello-Garcia, Defendants-Appellants.**

Nos. 82–1412, 82–1413, 82–1415 to 82–1417, 82–1422 to 82–1424.

United States Court of Appeals, Second Circuit.

Feb. 15, 1984.

Before KEARSE, PIERCE and JOHN W. PECK *, Circuit Judges.

ORDER ON PETITIONS FOR REHEARING WITH SUGGESTIONS FOR REHEARING EN BANC

Appellant Vargas-Rios having filed a petition for rehearing with a suggestion for rehearing en banc on October 28, 1983, and Appellee having filed a petition for rehearing with a suggestion for rehearing en banc on November 23, 1983; and

The Court having given due consideration to both petitions; and USA v. Pinto-Mejia, etc., No. 84–1412, etc.

The Court having noted in both petitions an apparent misinterpretation in one respect of the Court's opinion of October 14, 1983, 720 F.2d 248, it is now

ORDERED as follows:

(1) In order to clarify that the opinion did not mean to imply that a defendant cannot concede, or otherwise waive his right to contest, a particular fact that is essential to the court's jurisdiction, the final sentence of part II.A. of the opinion, at 255, is modified to read as follows:

Since it is a responsibility of the appellate court no less than of the trial court to see

to it that the jurisdiction of the trial court, which is defined and limited by statute, is not exceeded, *Louisville & Nashville Railroad Co. v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908), and since the stipulation is construed *infra* to preserve issues of fact and law arising from the stopping and boarding of the RICARDO as well as the seizure of marijuana, we will entertain on appeal defendants' challenge to the court's jurisdiction.

(2) In all other respects the petitions for rehearing are hereby denied.