**UNITED STATES of America,
Plaintiff–Appellant,**

v.

**Martin CAICEDO; Raul Medina Moreno; Enrique Huilas–Cortez; Ricardo Ramirez–Correra; Jesus Alberto Garcia–Castro; Antonio Marquez–Castro, Defendants–Appellees.**

**No. 94–50147.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 6, 1994.

Decided Feb. 7, 1995.

John R. Kraemer, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellant.

Mark F. Fleming, Federal Defenders of San Diego, Judi M. Sanzo, Nancee Schwartz,

Robert L. Swain, Swain & Vance, Victor M. Torres, San Diego, CA, Craig E. Weinerman, Asst. Federal Public Defender, Portland, OR, for defendants-appellees.

Before: FARRIS, POOLE and KOZINSKI, Circuit Judges.

FARRIS, Circuit Judge:

We must decide whether the Maritime Drug Law Enforcement Act, 46 U.S.C. app. §§ 1901–1903, can be applied, consistent with due process, to defendants apprehended aboard a "stateless" vessel on the high seas when there is no nexus between the defendants and the United States.

## I. BACKGROUND

This is an appeal from the district court's order granting a defense motion to dismiss. We accept the facts alleged by the government as true. *United States v. Buckley,* 689 F.2d 893, 897 (9th Cir.1982), *cert. denied,* 460 U.S. 1086, 103 S.Ct. 1778, 76 L.Ed.2d 349 (1983).

On November 15, 1993, the United States Coast Guard apprehended the six defendants, all foreign nationals, on a thirty-five foot power boat floating dead in the water approximately 200 miles off the coast of Nicaragua and 2,000 miles from San Diego. The defendants' boat was not registered to any nation, and it flew no nation's flag. Before being boarded by the Coast Guard, the defendants jettisoned 2,567 pounds of cocaine into the ocean. The Coast Guard recovered the cocaine. The government acknowledges "[t]here was no evidence that the vessel, its cargo or its crew were destined for the United States, or that any part of the criminal venture occurred in the United States."

Each of the defendants was charged with possession of cocaine with intent to distribute and conspiracy in violation of 46 U.S.C. app. § 1903(a), (j). The district judge dismissed the complaint, concluding that because the government failed to demonstrate any nexus with the United States, prosecution was "ar-bitrary and fundamentally unfair under the Fifth Amendment." We have jurisdiction, 18 U.S.C. § 3731, and reverse.

## II. DISCUSSION

We review de novo the dismissal of an indictment on due process grounds. *United States v. Barrera–Moreno,* 951 F.2d 1089, 1091 (9th Cir.1991), *cert. denied,* — U.S. ——, 113 S.Ct. 417, 121 L.Ed.2d 340 (1992).

Section 1903(a) makes it "unlawful for any person on board a vessel ... subject to the jurisdiction of the United States, ... to knowingly or intentionally ... possess with intent to ... distribute, a controlled substance." A "vessel subject to the jurisdiction of the United States" is defined to include "a vessel without nationality." 46 U.S.C. app. § 1903(c)(1)(A). The act explicitly provides for extraterritorial effect. § 1903(h). Moreover, it extends the United States' jurisdiction over stateless vessels on the high seas without enumerating any further requirements, and particularly without requiring that there be a nexus between a defendant's conduct aboard a stateless vessel and the United States. *See* § 1903(c)(1)(A); *United States v. Alvarez–Mena,* 765 F.2d 1259, 1264 (5th Cir.1985) (discussing similar provision in predecessor statute). On its face, the act applies to the defendants' conduct.

The defendants' due process argument is premised primarily on our recent statement that "[i]n order to apply extraterritorially a federal criminal statute to a defendant consistently with due process, there must be a sufficient nexus between the defendant and the United States." *United States v. Davis,* 905 F.2d 245, 248–49 (9th Cir.1990), *cert. denied,* 498 U.S. 1047, 111 S.Ct. 753, 112 L.Ed.2d 773 (1991). *Davis* examined the application of § 1903 to a defendant apprehended on the high seas aboard a ship of British registry. We found the nexus requirement satisfied by facts indicating that the defendant intended to smuggle drugs into the United States. 905 F.2d at 249. *Davis*'s nexus requirement has been reiterated in *United States v. Aikins,* 946 F.2d 608, 613 (9th Cir.1990) and *United States v. Kahn,* 35 F.3d 426, 429–30 (9th Cir.1994).

*Davis, Aikins* and *Kahn* do not control the result in this case. Those cases all involved defendants apprehended on foreign flagged vessels. The radically different treatment afforded to stateless vessels as a matter of international law convinces us that there is nothing arbitrary or fundamentally unfair about prosecuting the defendants in the United States. We decline the defendants' invitation to extend *Davis* and its progeny to a stateless vessel on the high seas.

 Principles of international law are "useful as a rough guide" in determining whether application of the statute would violate due process. *Davis,* 905 F.2d at 249 n. 2. The First, Second, Fourth, Fifth and Eleventh Circuits agree that the United States may exercise jurisdiction consistent with international law over drug offenders apprehended aboard stateless vessels on the high seas without demonstrating any nexus to the United States. *United States v. Victoria,* 876 F.2d 1009, 1110–11 (1st Cir.1989); *United States v. Alvarez–Mena,* 765 F.2d 1259, 1265 (5th Cir.1985); *United States v. Pinto–Mejia,* 720 F.2d 248, 261 (2d Cir.1983), *modified,* 728 F.2d 142 (2d Cir.1984); *United States v. Marino–Garcia,* 679 F.2d 1373, 1383 (11th Cir.1982), *cert. denied,* 459 U.S. 1114, 103 S.Ct. 748, 74 L.Ed.2d 967 (1983); *United States v. Howard–Arias,* 679 F.2d 363, 371–72 (4th Cir.), *cert. denied,* 459 U.S. 874, 103 S.Ct. 165, 74 L.Ed.2d 136 (1982). We have recognized the substantial protections forfeited by stateless vessels on the high seas. *United States v. Rubies,* 612 F.2d 397, 403 (9th Cir.1979), *cert. denied,* 446 U.S. 940, 100 S.Ct. 2162, 64 L.Ed.2d 794 (1980).

 There is much discussion in the briefs and the district court opinion regarding objective territorial, protective and universal jurisdiction. These are each principles of international law that provide a basis for one nation to apply its law extraterritorially. *United States v. Vasquez–Velasco,* 15 F.3d 833, 840 (9th Cir.1994). Under appropriate circumstances, these principles would allow the United States to exercise jurisdiction over another nation's vessel operating on the high seas. However, international law "restrictions on the right to assert jurisdiction over foreign vessels on the high seas and the concomitant exceptions have no applicability in connection with stateless vessels." *Marino–Garcia,* 679 F.2d at 1382. Such vessels are "international pariahs." *Id.* By attempting to shrug the yoke of any nation's authority, they subject themselves to the jurisdiction of all nations *"solely* as á consequence of the vessel's status as stateless." *Id.* at 1383 (emphasis in original).

The nexus requirement in *Davis* is grounded on the international law principles applicable to foreign flag vessels. The *Davis* court cited *United States v. Peterson,* 812 F.2d 486, 493 (9th Cir.1987) for this requirement. *Peterson,* in turn, concluded that evidence showing that drugs were bound for the United States provided "more than a sufficient nexus" to justify jurisdiction. 812 F.2d at 493. However, the only case cited in the relevant portion of *Peterson* deals with the nexus required under international law for jurisdiction over foreign flag vessels. *Id.* (citing *United States v. Baker,* 609 F.2d 134 (5th Cir.1980)). According to the *Baker* court's own statement, that case "appear[ed] to have no constitutional implications." 609 F.2d at 136. In any event, subsequent to *Baker,* the Fifth Circuit concluded that when a stateless vessel was involved, § 1903's substantially similar predecessor did not impose any such nexus requirement, and omission of this requirement was consistent with due process. *Alvarez–Mena,* 765 F.2d at 1264–66.

 A nexus requirement, imposed as a matter of due process, makes sense when the "rough guide" of international law also requires a nexus. A defendant would have a legitimate expectation that because he has subjected himself to the laws of one nation, other nations will not be entitled to exercise jurisdiction without some nexus. Punishing crimes committed on a foreign flag ship is like punishing a crime committed on foreign soil; it is an intrusion into the sovereign territory of another nation. As a matter of comity and fairness, such an intrusion should not be undertaken absent proof that there is a connection between the criminal conduct and the United States sufficient to justify the United States' pursuit of its interests. But where a defendant attempts to avoid the law

of *all* nations by travelling on a stateless vessel, he has forfeited these protections of international law and can be charged with the knowledge that he has done so. *Marino–Garcia,* 679 F.2d at 1384 n. 19. Because stateless vessels do not fall within the veil of another sovereign's territorial protection, all nations can treat them as their own territory and subject them to their laws. *Id.* at 1382–83.

The result we reach is consistent with all other federal circuits that have addressed the question.[1] The Third Circuit has held directly that § 1903 can be applied consistently with due process to punish conduct aboard a foreign flag vessel even when there is no nexus with the United States. *United States v. Martinez–Hidalgo,* 993 F.2d 1052, 1056 (3d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 699, 126 L.Ed.2d 666 (1994). Although many of the other circuit court decisions cited above focussed primarily on the international law question, opinions from the Fourth, Fifth and Eleventh Circuits explicitly acknowledge and reject any due process problem. *Alvarez–Mena,* 765 F.2d at 1266 (5th Cir.) (elimination of a nexus requirement permissible "at least where, as here, there is no basis for any claim of due process violation"); *Howard–Arias,* 679 F.2d at 371–72 (4th Cir.) (affirming as consistent with due process jurisdiction over defendants apprehended on stateless vessels with "intent to distribute [narcotics] anywhere"); *Marino–Garcia,* 679 F.2d at 1384 (11th Cir.) ("[F]ailure to unmistakably accede to the authority of a single sovereign while traversing the high seas will render [ship's occupants] subject to the criminal jurisdiction of the United States. The Constitution does not require more.").

The defendants do not point to any jurisdiction where the conduct they are alleged to have been engaged in was legal, nor are we aware of any. *See* 46 U.S.C. app. § 1902 ("trafficking in controlled substances aboard vessels is a serious international problem and is universally condemned"). These defendants "should therefore have been on notice that the United States or any other nation concerned with drug trafficking" could subject their vessel to its jurisdiction. *Marino–Garcia,* 679 F.2d at 1384 n. 19.

REVERSED and REMANDED.

---

**1.** The result is also consistent with *United States v. Juda,* 46 F.3d 961 (9th Cir.1995), filed February 2, 1995.