**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Reed HARRIS, Defendant–**
**Appellant.**

**No. 96–35373.**

United States Court of Appeals,
Ninth Circuit.

Submitted \* March 3, 1997.

Decided March 10, 1997.

34(a); Ninth Circuit Rule 34–4.

**1108**

James Reed Harris, pro. per., Florence, CO, for defendant-appellant.

Mark N. Bartlett, Assistant United States Attorney, Seattle, WA, for plaintiff-appellee.

Before: WRIGHT, WALLACE and HAWKINS, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge.

James Reed Harris appeals the denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence. He pleaded guilty and was convicted and sentenced for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). He contends that the State of Washington, not the federal government, had jurisdiction to convict him, and that under *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), the statutes under which he was convicted are unconstitutional because they have no nexus to interstate commerce.

We review de novo the denial of a § 2255 motion. *United States v. Span,* 75 F.3d 1383, 1386 (9th Cir.1996). We have jurisdiction under 28 U.S.C. § 2255, and we affirm.

▪ Federal courts have jurisdiction over a bank robbery offense where the bank was a federally insured institution. *See United States v. Mohawk,* 20 F.3d 1480, 1482 n. 1 (9th Cir.1994); *see also* 18 U.S.C. § 2113(f) (1994) (for purposes of statute, "bank" means any bank whose deposits are insured by the Federal Deposit Insurance Corporation); 18 U.S.C. § 3231 (1994) ("The district courts of

the United States shall have original jurisdiction ... of all offenses against the laws of the United States."). "[I]f a state bank chooses to come into the System created by the United States, the United States may punish acts injurious to the System, although done to a corporation that the State is also entitled to protect." *Toles v. United States,* 308 F.2d 590, 594 (9th Cir.1962)(quoting *Westfall v. United States,* 274 U.S. 256, 258, 47 S.Ct. 629, 71 L.Ed. 1036 (1927)).

█ Harris's indictment states that deposits of the bank he robbed were insured by the FDIC. Harris admitted this factual basis for jurisdiction when he pleaded guilty. *See United States v. Mathews,* 833 F.2d 161, 164 (9th Cir.1987) (a guilty plea conclusively proves the factual allegations contained in the indictment, including the factual basis for jurisdiction). His argument that the district court lacked jurisdiction is without merit.

Harris contends that 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 924(c)(1) are unconstitutional under *Lopez* because they lack the necessary nexus to interstate commerce. "*Lopez* invalidated the Gun–Free School Zones Act of 1990, 18 U.S.C. § 922(q), because the statute regulated neither the channels nor the instrumentalities of interstate commerce, and 'ha[d] nothing to do with commerce or any sort of economic enterprise.'" *United States v. Randolph,* 93 F.3d 656, 660 (9th Cir.1996)(quoting *Lopez,* 514 U.S. at –– –– ––, 115 S. Ct at 1630–31).

█ The federal bank robbery statute contains jurisdictional language that requires the prosecutor to establish a connection to interstate commerce because the statute's coverage is limited to banks that are members of the Federal Reserve System or insured by the FDIC. 18 U.S.C. § 2113(f); *see United States v. Wilson,* 73 F.3d 675, 694 (7th Cir.1995)(Coffey, J., dissenting), *cert. denied,* –– U.S. ––, 117 S.Ct. 47, 136 L.Ed.2d 12 (1996). These financial institutions are instrumentalities and channels of interstate commerce and their regulation is well within Congress's Commerce Clause

power. Section 2113 withstands constitutional analysis under *Lopez.*

We previously held that 18 U.S.C. § 924(c)(1) does not exceed Congress's authority under the Commerce Clause and thus survives a challenge under *Lopez. See United States v. Staples,* 85 F.3d 461, 462–63 (9th Cir.), *cert. denied,* –– U.S. ––, 117 S.Ct. 318, 136 L.Ed.2d 233 (1996).

We affirm the denial of Harris's motion under 28 U.S.C. § 2255.

AFFIRMED.