116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lorenz Vilim KARLIC, Defendant-Appellant.
 No. 96-55413.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
Decided June 19, 1997.
 
 Appeal from the United States District Court for the Central District of California, Nos. CV-95-04632-DT, CR-90-00828-DT; Dickran M. Tevrizian, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lorenz Vilim Karlic appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. Karlic contends that the district court: (1) failed to comply with Fed.R.Crim.P. 11 at his plea hearing; (2) improperly ordered disclosure of privileged information; and (3) did not have jurisdiction to convict him of his offenses.[1] We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo the district court's denial of Karlic's motion, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 
 3
 * Rule 11
 
 
 4
 Karlic contends that the district court violated Rule 11 by failing to inform him (1) that he could not withdraw his plea if the district court rejected the government's sentencing recommendation; and (2) of the correct mandatory minimum sentence.
 
 
 5
 "For a section 2255 movant to successfully challenge a guilty plea based upon a violation of Rule 11, he must establish that the violation amounted to a jurisdictional or constitutional error or that the violation resulted in a complete miscarriage of justice or in a proceeding inconsistent with the demands of fair procedure." United States v. Grewal, 825 F.2d 220, 222 (9th Cir.1987). A section 2255 movant "must also establish that he was prejudiced in that he was unaware of the consequences of his plea, and, if properly advised would not have pleaded guilty." See id.; see also United States v. Timmreck, 441 U.S. 780, 784 (1979).
 
 
 6
 We reject Karlic's contentions. First, with regard to the alleged Rule 11(e)(2) violation, Karlic has failed to demonstrate that he was unaware of the consequences of his guilty plea. See Grewal, 825 F.2d at 222; Timmreck, 441 U.S. 780. Although the record of the plea proceeding indicates that the district court failed to inform Karlic that he would not be able to withdraw his plea if the government's sentencing recommendation was rejected, the plea agreement illustrates that Karlic was aware of this consequence. The plea agreement states:
 
 
 7
 Although both the government and defense counsel can take a position at sentencing, the Sentencing Guidelines apply to this case and the decision as to what sentence shall be imposed will be decided solely by the court.
 
 
 8
 Mr. Karlic has no right to withdraw his plea based on any lawful sentence imposed by the court. At the plea hearing, Karlic stated that he had reviewed the plea agreement and that he understood its terms and conditions. Because Karlic has failed to demonstrate that he was prejudiced by the district court's alleged error, he is not entitled to relief under section 2255. See Grewal, 825 F.2d at 222; Timmreck, 441 U.S. at 783-84.
 
 
 9
 Second, regarding the alleged Rule 11(c)(1) violation, Karlic has failed to demonstrate that he was prejudiced by the district court's failure to inform him of the correct mandatory minimum sentence for the three counts of conviction under 18 U.S.C. § 844(h). At the time of Karlic's conviction, the mandatory minimum for a defendant's first count of conviction under 18 U.S.C. § 844(h) was five years. See 18 U.S.C. § 844(h). For each subsequent count of conviction under the statute, the mandatory minimum sentence was ten years. See id. The district court, however, informed Karlic that the mandatory sentence for a violation of 18 U.S.C. § 844(h) was five years for each of the three counts, for a total of fifteen years. Because the district court imposed a total sentence of eleven years for all of Karlic's offenses, no possible prejudice could have resulted from the district court's erroneous information regarding the mandatory minimum sentence for Karlic' § 18 U.S.C. § 844(h) offenses. Cf. United States v. Saclemente-Bejarano, 861 F.2d 206, 210 (9th Cir.1988) (on direct appeal, Rule 11 violation harmless when defendant knows before pleading guilty that he could be sentenced to a term as long as the one he eventually received).
 
 II
 Attorney-Client Privilege
 
 10
 Karlic contends that the district court improperly ordered the deposition of his trial attorney in order to determine whether Karlic was aware of the consequences of his plea.
 
 
 11
 A district court's grant of a limited waiver of the attorney-client privilege is proper when a movant's claims put privileged information at issue. See Home Indem. Corp. v. Lane Powell Moss and Miller, 43 F.3d 1322, 1326 (9th Cir.1995).
 
 
 12
 Here, by asserting that he was unaware of the consequences of his guilty plea, Karlic put at issue whether his attorney had informed him of those consequences. Accordingly, it was not improper for the district court to grant a limited waiver of the attorney-client privilege to determine whether the attorney had discussed the consequences of Karlic's plea with him. See id.
 
 III
 Jurisdiction
 
 13
 Karlic asserts that the district court lacked jurisdiction over his offenses in light of United States v. Lopez, 514 U.S. 549 (1995) because his offenses have no relation to interstate commerce.
 
 
 14
 Congress did not exceed its power under the Commerce Clause by enacting 18 U.S.C. §§ 2113 or 844(i) because the statutes require the prosecutor to establish a connection to interstate commerce. See United States v. Harris, 108 F.3d 1107, 1108-09 (9th Cir.1996).
 
 
 15
 Here, Karlic's indictment states that the banks involved in his offenses are insured by the Federal Deposit Insurance Corporation. Karlic admitted this factual basis for jurisdiction when he pleaded guilty. See Harris, 108 F.3d at 1109. Thus, the offenses under 18 U.S.C. §§ 844(i) & 2113 are subjected to the jurisdiction of the district court. See id.[2]
 
 
 16
 Because the felony underlying Karlic's conviction under 18 U.S.C. § 844(h), bank robbery in violation of 18 U.S.C. § 2113, are subjected to the jurisdiction of the district court, the district court also had jurisdiction over the offenses under 18 U.S.C. § 844(h). See Pappadopoulos, 64 F.3d at 528.
 
 
 17
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 In his reply brief, Karlic asserts that his trial and appellate counsel provided ineffective assistance. Because he did not raise this contention in his opening brief, we will not consider it. See United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986)
 
 
 [2]
 This case is distinguishable from United States v. Pappadopoulos, 64 F.3d 522, 527-28 (9th Cir.1995), in which we concluded that the government failed to establish the jurisdictional requirement because the only interstate commerce connection was the receipt by a private home of natural gas from a company that obtained some of its gas from out of state. Here, Karlic admitted the factual basis for jurisdiction when he pleaded guilty to maliciously damaging banks insured by the Federal Deposit Insurance Corporation, by means of an explosive in violation of 18 U.S.C. § 844(i). See Harris, 108 F.3d at 1109