122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Genaro Brandell PATTERSON, Defendant-Appellant.
 No. 96-16345.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 3, 1997.
 
 Appeal from the United States District Court for the Eastern District of California Garland E. Burrell, District Judge, Presiding
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Genaro B. Patterson, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 121-month sentence imposed after a jury found him guilty of offenses involving cocaine base. Patterson contends that his counsel was ineffective at sentencing and on appeal. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo the denial of a section 2255 motion, see United States v. Harris, 108 F.3d 1107, 1108 (9th Cir.1997), and we affirm.
 
 
 3
 Patterson first contends his counsel was ineffective because: he did not object at sentencing to an aggravating role adjustment under U.S.S.G. § 3B1.1(c); he did not object at sentencing to the district court's drug quantity determination; and he did not raise these issues on appeal. This contention lacks merit.
 
 
 4
 To prevail on an ineffective assistance of counsel claim, the defendant must show that counsel's performance was deficient and that the defendant was prejudiced as a result. See Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir.1996), cert. denied, 117 S.Ct. 1282 (1997). To establish deficient performance, the defendant must show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." See Strickland, 466 U.S. at 687. To establish prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. See id. at 694. If the defendant fails to show one of these components, the court need not examine the other component. See id. at 697. The standard for ineffective assistance of counsel is the same for both trial and appellate counsel. See United States v. Birtle, 792 F.2d 846, 847 (9th Cir.1986).
 
 
 5
 Patterson's contention that counsel was ineffective because he failed to object at sentencing to the section 3B1.1(c) increase and the drug quantity determination is meritless, because the record reveals that counsel made these objections. Thus, counsel's performance was not deficient. See Strickland, 466 U.S. at 687.
 
 
 6
 Patterson's contention that counsel was ineffective because he failed to appeal these issues is also meritless. Section 3B1.1(c) dictates a two-level increase if "the defendant was an organizer, leader, manager, or supervisor of an offense involving less than five people," and should be applied if the defendant exercised control over another in the commission of the offense. See United States v. Fagan, 996 F.2d 1009, 1016 (9th Cir.1993). The government bears the burden of proof by a preponderance of the evidence. See United States v. Mares-Molina, 913 F.2d 770, 773 (9th Cir.1990).
 
 
 7
 Here, the evidence showed Patterson exercised control over another individual in committing the crime, by directing the individual to retrieve the drugs for a sale Patterson negotiated. See Fagan, 996 F.2d at 1016; cf. United States v. Avila, 905 F.2d 295, 299 (9th Cir.1990) (concluding that defendant who coordinated procurement and distribution of drugs was properly deemed organizer or leader under section 3B1.1(a)). Thus, Patterson has not shown a reasonable probability that an appellate challenge to the section 3B1.1(c) adjustment would have succeeded. See Strickland, 466 U.S. at 694; Birtle, 792 F.2d at 847.[1]
 
 
 8
 As for the district court's drug quantity determination, the Sentencing Guidelines directed that the base offense level be determined on the basis of all acts committed by the defendant and "all such acts ... that were part of the same course of conduct or common scheme or plan as the offense of conviction." See U.S.S.G. § 1B1.3(a)(1), (2) (1989); United States v. Sanchez, 967 F.2d 1383, 1384-85 (9th Cir.1992). "[A] sentencing court may consider conduct of which a defendant has been acquitted ... so long as that conduct has been proved by a preponderance of the evidence." United States v. Watts, 117 S.Ct. 633, 636, 638 (1997) (per curiam).
 
 
 9
 Patterson argues that the district court should not have held him accountable for twenty-four grams of cocaine base seized from a juvenile outside Patterson's house, because these drugs were not foreseeable to Patterson and because the jury did not convict Patterson of the charges involving these drugs. Evidence was presented, however, that Patterson personally provided the drugs to the juvenile. See U.S.S.G. § 1B1.3. The jury's failure to convict Patterson on the charges related to this incident did not preclude the court from including the drugs in the base offense level determination. Cf. Watts, 117 S.Ct. at 636. Therefore, Patterson has not shown a reasonable probability that an appellate challenge to the district court's drug quantity determination would have succeeded. See Strickland, 466 U.S. at 694; Birtle, 792 F.2d at 847.
 
 
 10
 Finally, Patterson contends his counsel was ineffective because he did not object at sentencing to the government's failure to prove that the controlled substance involved was in fact cocaine base. We do not address this claim because Patterson did not present it to the district court in his section 2255 motion. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993). Patterson also maintains that there is no meaningful distinction between powder cocaine and cocaine base, and therefore his counsel was ineffective because he failed to urge the district court to apply the rule of lenity and sentence him to the less severe penalties for cocaine powder. Patterson's rule of lenity argument, however, is meritless, see United States v. Jackson, 84 F.3d 1154, 1160-61 (9th Cir.), cert. denied, 117 S.Ct. 445 (1996), and therefore his counsel was not ineffective, see Shah v. United States, 878 F.2d 1156, 1162 (9th Cir.1989) (stating that counsel's failure to raise meritless legal argument does not constitute ineffective assistance). To the extent Patterson renews his argument that his counsel should have argued that the 100-to-1 ratio in the sentencing provisions for cocaine base and powder cocaine offenses violates the Equal Protection Clause, this argument: must fail. See Jackson, 84 F.3d at 1161 (rejecting argument. that 100-to-1 ratio violates Equal Protection Clause and holding that rational basis for distinction still exists). Accordingly, the district court did not err by denying Patterson's section 2255 motion.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Contrary to Patterson's argument, section 3B1.1(c) does not require a finding that the defendant exercised control over four or more people