124 F.3d 212
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Corey Maurice TREADWELL, Petitioner-Appellant,
v.
Joel H. KNOWLES, Warden, Respondent-Appellee.
 No. 97-55366.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Decided Sept. 15, 1997.
 
 Appeal from the United States District Court for the Central District of California, DC No. CV-97-110-LHM; Linda H. McLaughlin, District Judge, Presiding.
 Before HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Corey Maurice Treadwell, a prisoner confined at the federal prison in Florence, Colorado, appeals pro se from the district court's dismissal without prejudice of his habeas corpus petition pursuant to 28 U.S.C. § 2241. We affirm.
 
 
 3
 Treadwell contends that the district court erred by dismissing his petition for lack of personal jurisdiction over the respondent warden. This contention lacks merit. See Dunne v. Henman, 875 F.2d 244, 248 (9th Cir.1989) (district court lacks jurisdiction to consider § 2241 petition if custodian is outside district.).
 
 
 4
 Treadwell also contends that the district court erred by failing to address his claims that his conviction for armed bank robbery and use of a firearm was invalid because the United States did not own the land on which the bank stood, and so the crimes were not federal offenses. This contention lacks merit; challenges to a conviction must be raised in a motion pursuant to 28 U.S.C. § 2255, rather than in a habeas petition. See Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988). We reject Treadwell's argument that the § 2255 remedy is inadequate because he seeks to challenge in a civil proceeding the district court's jurisdiction in his criminal case. See United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (federal prisoner challenging conviction must file § 2255 motion, rather than § 2241 petition, unless claim falls within narrow exception that remedy by motion is inadequate or ineffective); United States v. Harris, 108 F.3d 1107, 1108 (9th Cir.1997) (federal government's jurisdiction to convict prisoner of bank robbery challenged in § 2255 motion).
 
 
 5
 Treadwell's request for judicial notice is denied.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3