124 F.3d 213
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Orlando Dejesus ARANGO, Defendant-Appellant.
 No. 97-35252.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 29, 1997.
 
 Appeal from the United States District Court for the District of Alaska, James K. Singleton, Chief Judge, Presiding; Nos. CV-95-00254-JKS, CR-93-00064-1-JKS.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Orlando Dejesus Arango appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 97-month sentence imposed following his guilty plea to conspiring to distribute cocaine, in violation of 21 U.S.C. § 846. Arango contends that his counsel was ineffective at sentencing because he failed to challenge relevant conduct and to request a minor-participant reduction under U.S.S.G. § 3B1.2. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo the denial of a section 2255 motion, see United States v. Harris, 108 F.3d 1107, 1108 (9th Cir.1997), and we affirm.
 
 
 3
 Arango contends that his counsel was ineffective because he did not contest the inclusion in Arango's base offense level calculation--as relevant conduct--of six additional kilograms of cocaine. This contention lacks merit.
 
 
 4
 To prevail on an ineffective assistance of counsel claim, the defendant must show that counsel's performance was deficient and that the defendant was prejudiced as a result. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient performance, the defendant must show "counsel's representation fell below an objective standard of reasonableness." See id. To establish prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. See id. at 694. If the defendant fails to establish one of these components, the court need not examine the other component. See id. at 697.
 
 
 5
 Here, Arango's counsel testified at the evidentiary hearing that he did not raise a relevant conduct challenge because he did not want to jeopardize Arango's eligibility for an acceptance of responsibility reduction. A defendant who "falsely den[ies] any additional relevant conduct for which the defendant is accountable under § 1B1.3" may not qualify for an acceptance of responsibility reduction. See U.S.S.G. § 3E1.1, comment. (n.1(a)) (1992); see also United States v. Rutledge, 28 F.3d 998, 1001-03 (9th Cir.1994). We conclude that counsel's failure to raise the relevant conduct challenge was objectively reasonable. Accordingly, Arango has failed to demonstrate that counsel performed deficiently. See Strickland, 466 U.S. at 687.
 
 
 6
 Arango also contends that his counsel was ineffective at sentencing because he did not seek a minor participant reduction on the grounds that Arango was substantially less culpable than the others involved in the offense. This contention is meritless.
 
 
 7
 The Guidelines provide for a two-level reduction "[i]f the defendant was a minor participant," which is defined as "any participant who is less culpable than most other participants." See U.S.S.G. § 3B1.2 & comment. (n.3) (1992). A defendant is not necessarily entitled to a minor-role reduction simply because he "may be less culpable than other participants in an offense," and such reductions are "to be used infrequently and only in exceptional circumstances." See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994).
 
 
 8
 Here, even if counsel's performance was deficient, Arango has presented no evidence, other than his self-serving statement, that he was a minor participant. See id.; United States v. Lui, 941 F.2d 844, 849 (9th Cir.1991). Accordingly, we conclude that Arango has failed to establish prejudice. See Strickland, 466 U.S. at 697 (stating that if defendant fails to show prejudice, court need not examine performance component.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3