132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raul Lopez ESCOBAR, Defendant-Appellant.
 No. 97-55050.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 22, 1997.
 
 Appeal from the United States District Court for the Central District of California, Nos. CV-96-02433-LGB, CR-93-00421-LGB; Lourdes G. Baird, District Judge, Presiding.
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Raul Lopez Escobar appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 168-month sentence imposed following his guilty plea to conspiring to possess cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Escobar challenges the district court's drug quantity determination and contends that his counsel was ineffective. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo the denial of a section 2255 motion, see United States v. Harris, 108 F.3d 1107, 1108 (9th Cir.1997), and we affirm.
 
 
 3
 First, Escobar contends that the district court improperly calculated his base offense level. This contention lacks merit because in determining the relevant facts for sentencing, the court may rely on a stipulation in a plea agreement, and Escobar explicitly stipulated in his plea agreement that he knowingly agreed to transport 975 kilograms of cocaine. See United States v. Howard, 894 F.2d 1085, 1089 n. 2 (9th Cir.1990). Escobar's assertion that he did not understand the stipulation because he speaks Spanish is unavailing. By signing the plea agreement, he acknowledged that the agreement had been read to him in Spanish, and, furthermore, an interpreter was present at both the guilty plea and sentencing hearings. Thus, the district court correctly assigned a base offense level of 40. See U.S.S.G. § 2D1.1(c)(2) (1992) (assigning base offense level of 40 for offenses involving 500 to 1500 kilograms of cocaine).
 
 
 4
 Next, Escobar contends that his counsel was ineffective because he did not object at sentencing to the district court's drug quantity determination. This contention must fail, given Escobar's' stipulation as to the amount of drugs. See Strickland v. Washington, 466 U.S. 668, 694 (1984) (to establish prejudice, defendant must show reasonable probability that, but for counsel's errors, result of proceeding would have been different).
 
 
 5
 Escobar also contends that his counsel was ineffective because he did not request a minimal- or minor-participant reduction under U.S.S.G. § 3B1.2. This contention is meritless, because the sentencing transcript reveals that counsel argued for a minimal-participant reduction and that the district court granted a minor-participant reduction. Thus, Escobar has not shown that his counsel performed deficiently or that he was prejudiced. See id. at 687.
 
 
 6
 Finally, in connection with his ineffective assistance claims, we reject Escobar's contention that the district court should have afforded him an evidentiary hearing. See Shah v. United States, 878 F.2d 1156, 1161 (9th Cir.1989) (stating that no evidentiary hearing required if motion is based on conclusory allegations unsupported by facts).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's requests for oral argument and appointment of counsel are denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3