UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

RODNEY DEWAYNE JONES,
        *Defendant-Appellant.*

No. 01-4751

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
Henry M. Herlong, Jr., District Judge.
(CR-01-239)

Submitted: May 31, 2002

Decided: July 15, 2002

Before MOTZ and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

### COUNSEL

William H. Ehlies, II, Greenville, South Carolina, for Appellant. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Rodney Dewayne Jones pled guilty to ten counts of armed bank robbery, 18 U.S.C.A. § 2113(a) (West 2000), and two counts of carrying and using a firearm during a crime of violence, 18 U.S.C.A. § 924(c)(1) (West 2000). He was sentenced to a total of 392 months imprisonment and five years of supervised release. Jones noted a timely appeal and his counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), addressing whether the district court complied with Fed. R. Crim. P. 11 in accepting Jones' guilty plea and whether the district court erred in imposing a 392-month prison sentence, but stating that in his opinion there are no meritorious issues for appeal. Jones has filed a pro se supplemental brief raising eight claims. For the reasons that follow, we affirm.

Following a de novo review of the record, we find that the district court complied with the mandates of Rule 11 in accepting Jones' guilty plea. *United States v. Goins*, 51 F.3d 400, 402 (4th Cir. 1995) (providing standard). Because the sentence imposed by the district court is within the range recommended by the guidelines, and there is no evidence that the district court based this sentence upon an illegal reason, we are without jurisdiction to review it. *United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990).

In his supplemental pro se brief, Jones argues that the 84-month sentence imposed on count 2 and the 204-month sentence imposed on count 6 violate the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Castillo v. United States*, 530 U.S. 120 (2000) (holding that different types of firearms described in § 924(c) are elements of the offense and not merely sentencing factors). Because Jones failed to object at sentencing, review is for plain error only. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725 (1993).

As an initial matter, *Apprendi* was concerned only with facts that increase the statutory maximum penalty and the relevant facts under § 924(c)(1) increase only the statutory minimum penalty. Jones received less than the statutory maximum on each count.

More importantly, the Supreme Court has recently held that, where the indictment fails to include an element of the offense under the reasoning provided in *Apprendi*, but where proof of that element is "overwhelming and uncontroverted," the error will not be recognized. *United States v. Cotton*, ___ U.S. ___, 2002 WL 1008494 (U.S. May 20, 2002) (No. 01-687). Here, the evidence of Jones' brandishing the weapon is "overwhelming and uncontroverted" as stated in the government's summary of the offense, to which he agreed. With respect to the 204-month sentence he received on Count 6, Jones' challenge to the application of § 924(c)(1)(C)(ii) to a second § 924(c) count that arises out of the same criminal proceedings as the first § 924(c) count is foreclosed by the Supreme Court's decision in *Deal v. United States*, 508 U.S. 129, 132-34 (1993).

Jones also challenges the district court's jurisdiction on the grounds that the banks were organized and operated under state law only, that the federal bank robbery statute exceeds Congress' commerce clause power, and, in any event, is preempted by the state robbery statute. We find all of these claims meritless. First, Jones stipulated at the plea hearing that the banks were federally insured. Second, similar challenges to Congress' authority to enact § 2113 have failed. *See United States v. Wicks*, 132 F.3d 383, 390 (7th Cir. 1997) (noting that any argument which claims that § 2113 exceeds Congress' powers under the Commerce Clause would be untenable); *United States v. Harris*, 108 F.3d 1107, 1109 (9th Cir. 1997) (same).

Finally, Jones claims that his attorney was ineffective for failing to raise all of these objections at trial or at sentencing. Claims of ineffective assistance of counsel generally are not cognizable on direct appeal, except where the record conclusively shows ineffective assistance. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Instead, to allow for adequate development of the record, a defendant generally must bring his ineffective assistance claims in a motion under 28 U.S.C.A. § 2255 (West Supp. 2001). *Id.*; *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). Because the record here does not conclusively establish ineffective assistance, these claims are not cognizable on direct appeal.

In accordance with *Anders*, we have reviewed the entire record and find no reversible error. We therefore affirm the judgment. We also

deny Jones' motion and supplements to place his appeal in abeyance pending receipt of a transcript and to appoint new counsel. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*