UNITED STATES of America,
Plaintiff—Appellee,

v.

Roberto RAMOS, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Amadeo Portocarrero, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Luis Eduardo Conde, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Octavio Velasquez, Defendant—
Appellant.

Nos. 01–50356, 01–50381.
D.C. No. CR–00–02917–J.
D.C. No. CR–00–02917–J–02.
D.C. No. CR–00–02917–J–01.
D.C. No. CR–00–02917–J–05.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 2002.

Decided Sept. 20, 2002.

**472**

Before THOMPSON and RAWLINSON, Circuit Judges, and SCHWARZER, District Judge.[*]

MEMORANDUM [**]

The appellants in these consolidated cases, Roberto Ramos, Amadeo Portocarrero, Luis Eduardo Conde, and Octavio Velasquez, each entered a conditional guilty plea to one count of conspiracy to possess cocaine with intent to distribute on board a vessel subject to the jurisdiction of the United States in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C.App. § 1903(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The appellants argue that the MDLEA is an unconstitutional exercise of Congress's power under the Commerce Clause, and that their convictions must be set aside because the government failed to demonstrate a nexus between them, the conduct charged, and the United States. These arguments lack merit. Regardless of whether the MDLEA would be a consti-

tutional exercise of Congress's power under the Commerce Clause, we have previously held that 46 U.S.C.App. § 1903 is a legitimate exercise of Congress's power under Art. I, sec. 8, cl. 10 of the United States Constitution to "define and punish piracies and felonies on the high seas ...." *United States v. Davis,* 905 F.2d 245, 248 (9th Cir.1990); *United States v. Aikins,* 946 F.2d 608, 613 (9th Cir.1990). We have also held that due process is not offended when the United States exercises jurisdiction over an alien captured in international waters on board a vessel not registered to any nation. *United States v. Caicedo,* 47 F.3d 370, 373 (9th Cir.1995). Thus, due process was not violated by the prosecution of the appellants under 46 U.S.C.App. § 1903.

The appellants also argue that the indictment should be dismissed for lack of jurisdiction under 46 U.S.C.App. § 1903(f) because they pleaded guilty before the district court held a hearing and made a factual finding that they were, in fact, onboard a stateless vessel. The appellants, however, preserved only two jurisdictional issues for appeal—whether the MDLEA is a constitutional exercise of Congress's Commerce Clause powers and whether due process requires that there be a nexus between them and the United States. These issues are completely separate from the inquiry as to whether there were sufficient facts to demonstrate that the vessel was indeed stateless. *See United States v. Medjuck,* 156 F.3d 916, 918 (9th Cir.1998). Because the appellants did not preserve this issue for appeal, their guilty pleas conclusively established the factual allegations contained in the indictment and complaint that the vessel was stateless, that

[*] The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

each of them was on board the vessel, and that the vessel was subject to the jurisdiction of the United States. *See United States v. Harris,* 108 F.3d 1107, 1109 (9th Cir.1997).

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.