**NOT FOR PUBLICATION**

# FILED

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10121 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-00403-JD-2 |
| v. | |
| JAWED AHMADI, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted March 12, 2019
San Francisco, California

Before: W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

Jawed Ahmadi pleaded guilty to conspiracy to distribute heroin in violation

of 21 U.S.C. §§ 959(a), 960(a)(3), and 963. He contends that he was denied due

process because the district court declined to engage in a pre-trial evidentiary

determination whether his conduct had a sufficient nexus to the United States.

Assuming arguendo that Ahmadi's guilty plea did not waive his ability to raise this

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

argument on appeal, we affirm.

The charges against Ahmadi required the government to prove that he agreed to distribute heroin "intending, knowing, or having reasonable cause to believe that [it] will be unlawfully imported into the United States." 21 U.S.C. § 959(a). Proof of that element of the offense would have presumptively established a sufficient link to the United States to comport with the Due Process Clause. *See United States v. Medjuck*, 156 F.3d 916, 919 (9th Cir. 1998). Had Ahmadi chosen to go to trial, the jury would have been required to decide whether that element was proved beyond a reasonable doubt. Thus, because the existence of a nexus was "intermeshed with questions going to the merits," the district court's denial of an evidentiary hearing was not an abuse of discretion. *United States v. Nukida*, 8 F.3d 665, 670 (9th Cir. 1993). Because Ahmadi opted to plead guilty, his plea established the requisite nexus to the United States. *See United States v. Harris*, 108 F.3d 1107, 1109 (9th Cir. 1997).

**AFFIRMED.**