_____

No. 95-4076
_____

United States of America,            *
                                     *
         Appellee,                   *
                                     *   Appeal from the United States
         v.                          *   District Court for the District
                                     *   of Nebraska.
Ben J. Wiggins,                      *
                                     *
         Appellant.                  *
                                     *

_____

          Submitted: October 25, 1996

          Filed: January 6, 1997
_____

Before McMILLIAN, FAGG and BEAM, Circuit Judges.
_____

BEAM, Circuit Judge.

Ben Wiggins challenges his drug conviction, arguing that the district court[1] erred by: 1) failing to find that the government violated Batson v. Kentucky; 2) refusing to give a requested jury instruction; 3) submitting a verdict form to the jury that could permit a less than unanimous verdict; and 4) relying on the Presentence Investigation Report in sentencing. We affirm.

## I.    BACKGROUND

In August 1993, Ben J. Wiggins moved into an Omaha residence owned by Antoinette Prince. Prince, her sons and other family and friends sold cocaine base ("crack") from the house. Wiggins lived

_____

[1]The Honorable Thomas M. Shanahan, United States District Judge for the District of Nebraska.

in the Prince home for several months. A raid by drug agents on the house led to Wiggins's arrest.

Wiggins was charged with conspiring to distribute cocaine or cocaine base or by conspiring to possess cocaine or cocaine base with the intent to distribute it in violation of federal law. At trial several residents of the Prince house testified for the government against Wiggins who was found guilty by a jury. He now appeals on the four grounds.

## II.    DISCUSSION

### A.    Batson Claim

Wiggins, who is African American, argues that the prosecution violated the Equal Protection Clause when it used two of its peremptory challenges to strike African Americans from the jury panel. See Batson v. Kentucky, 476 U.S. 79 (1986). We review the district court's decision on Batson claims under the clearly erroneous standard. Lovejoy v. United States, 92 F.3d 628, 631 (8th Cir. 1996).

The district court found that the government offered race neutral reasons to justify the strikes. The government pointed out that the first potential juror had admitted that drugs had been discovered in her apartment during a police raid. The second potential juror volunteered that her brother had been convicted of possession of crack cocaine.

We agree with the district court that there has been no showing that the reasons offered by the prosecution for striking these individuals were pretextual. Defense counsel even conceded the legitimacy of one strike, saying at voir dire, "I think as to [the first juror], I certainly understand what the government's saying and don't necessarily have grounds to disagree with it."

Tr. at 104. Regarding the second juror, this court has held that "the incarceration of a close family member is a legitimate race-neutral reason justifying the use of a `peremptory strike.'" United States v. Feemster, 98 F.3d 1089, 1092 (8th Cir. 1996). The district court's denial of Wiggins's Batson claim was not clearly erroneous.

**B.    Refusal to Give Requested Jury Instruction**

Defendants are entitled to an instruction explaining their theory of the case if the request is timely made and if the proffered instruction is supported by the evidence and correctly states the law. United States v. Cabbell, 35 F.3d 1255, 1259 (8th Cir. 1994). The trial court declined to give Wiggins's proposed instruction that a buyer-seller relationship alone is insufficient to create a conspiracy. Wiggins argues this was reversible error, relying on United States v. Prieskorn, 658 F.2d 631 (8th Cir. 1981).

In Prieskorn, we held that while sufficient evidence supported the defendant's conspiracy conviction, the district court committed reversible error by refusing his buyer-seller instruction. Id. at 636. We stated that a reasonable juror could have believed that Prieskorn was merely a buyer because he made one purchase, knew only one of the alleged conspirators, and did not order the drugs he purchased. Id.

In this case, no reasonable juror could have believed that Wiggins was involved in a mere buyer-seller relationship. Testimony at trial indicated that Wiggins was in possession of crack every day from mid-August 1993 until November 1994. Witnesses estimated that Wiggins sold crack cocaine approximately twenty times a day, seven days a week. The Prieskorn instruction is not appropriate when there is evidence of multiple drug transactions, as opposed to a single, isolated sale. United States

v. Figueroa, 900 F.2d 1211, 1216-17 (8th Cir. 1990). Furthermore, there was evidence that Wiggins purchased large quantities of cocaine powder from Los Angeles and Kansas City and had it cooked into crack cocaine. The receipt of large quantities of drugs is evidence of an intent to distribute rather than a single buy-sell relationship. United States v. Turner, 975 F.2d 490, 497-98 (8th Cir. 1992). The district court did not err in declining to give Wiggins's proposed instruction because it was not supported by the evidence.

### C.    Wording of Verdict Form

The verdict form ultimately used by the jury gave them two alternatives.[2]  The jury could find the defendant:

> [G]uilty of violating 21 U.S.C. § 846 by conspiring to distribute a mixture or substance which contained cocaine or a mixture or substance which contained cocaine base, namely, "crack cocaine," or by conspiring to possess with intent to distribute a mixture or substance which contained cocaine or a mixture or substance which contained cocaine base, namely, "crack cocaine."
>
> [or]
>
> [N]ot guilty of violating 21 U.S.C. § 846.

Wiggins argues that he is entitled to a new trial because ambiguity in this wording could have allowed a guilty verdict that

---

[2]The trial court became dissatisfied with the verdict form originally submitted to the jury and substituted a modified form twenty minutes after the jury had commenced deliberations. Although Wiggins made passing reference to this procedure as erroneous, he failed to argue this point or cite any law in support of that contention. Failure to specify error or provide citations in support of an argument constitutes waiver, see Primary Care Investors, Seven v. PHP Healthcare Corp., 986 F.2d 1208, 1212 (8th Cir. 1993), so we decline to reach the propriety of the district court's actions in this regard.

was not unanimous. There are two possible sources of ambiguity in this form, neither of which requires reversal.

First, Wiggins argues that the verdict form could have allowed the jury to find him guilty, yet not be unanimous on which of the two charges he had actually committed. Under the Sixth Amendment, a criminal defendant in federal court has a right to a unanimous jury verdict. See United States v. Eagle Elk, 820 F.2d 959, 961 (8th Cir. 1987). The mere fact, however, that an instruction could conceivably permit a jury to reach a non-unanimous verdict is not sufficient to require reversal when the jury has been instructed elsewhere that it must reach a unanimous verdict. Fryer v. Nix, 775 F.2d 979, 992 (8th Cir. 1985).

In this case, Instruction #10 informed the jury that "if you find the defendant, Ben J. Wiggins, guilty, you must unanimously agree upon which of the two offenses was the subject of the charged conspiracy." Any possible confusion about the unanimity requirement was cured by this instruction. Wiggins was thus not deprived of a unanimous verdict regarding the offense charged.

Second, Wiggins asserts that the verdict form did not explain whether the jury found Wiggins guilty of distributing cocaine or crack. Contrary to Wiggins's claim on appeal, a guilty verdict does not require jury unanimity regarding the type of drugs involved. See United States v. Owens, 904 F.2d 411, 415 (8th Cir. 1990). However, when defendants are convicted by a verdict that is ambiguous as to what type of drug they possessed or distributed, they may not be sentenced based upon the alternative producing the higher sentencing range. United States v. Baker, 16 F.3d 854, 857-58 (8th Cir. 1994). However, when trial evidence leaves no doubt as to the substance involved, it is not error to sentence a defendant consistent with that evidence. United States v. Watts, 950 F.2d 508, 514 (8th Cir. 1991).

Here, six witnesses testified about Wiggins's drug dealing, and each of them specified "crack" as the substance Wiggins marketed. Under these facts the jury could not have been divided as to what drug was involved. We find that sentencing Wiggins under the guidelines applicable to crack was appropriate.

### D.    Objection to the Presentence Investigation Report

Finally, Wiggins complains that the district court incorrectly adopted the findings of the presentence investigation report (PSR) without receiving additional evidence. Rule 32(c)(1) of the Federal Rules of Criminal Procedure requires a sentencing court to rule on any unresolved objections to the PSR, but the court in this case was not required to hold an evidentiary hearing.

First, Wiggins's counsel lodged only a "general objection" to the report and then concluded, "[h]aving said that, [y]our Honor, I recognize that we're not formally raising anything which would require -- or where we would ask you to require an evidentiary hearing. The evidence all came in at the trial; you heard it." Tr. at 911. A sentencing court does not have to hold an evidentiary hearing if the defendant fails to pursue objections to the PSR. United States v. Goodwin, 72 F.3d 88, 90 (8th Cir. 1995).

Furthermore, the sentencing judge here also presided over Wiggins's trial. In such a case, the court is not required to hold an evidentiary hearing to resolve factual objections, and may instead base its findings of fact on the trial record. United States v. Marshall, 92 F.3d 758, 760-61 (8th Cir. 1996). The district court did exactly that. Factual determinations made by the trial court will only be reversed if they are clearly erroneous. See, e.g., United States v. Darden, 70 F.3d 1507, 1544 (8th Cir.), cert. denied, 116 S. Ct. 1449 (1996). Here, the trial record amply supports the sentence imposed on Wiggins.

## III. CONCLUSION

We have considered the remainder of Wiggins's arguments and find them to be without merit. The trial court's denial of Wiggins's motion for a new trial and Wiggins's conviction are affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.