# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3214WM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Stephen  A. Boyd, | * | [PUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  February 9, 1999
Filed:  February 18, 1999

_____

Before FAGG and HANSEN, Circuit Judges, and ROSENBAUM,* District Judge.

_____

PER CURIAM.

Stephen A. Boyd and two other men robbed a credit union in Independence, Missouri.  A jury convicted Boyd of conspiracy to commit bank robbery, armed bank robbery, and using a firearm in a crime of violence.  The district court sentenced Boyd to 117 months in prison.  Boyd appeals, and we affirm.

_____

*The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota, sitting by designation.

Initially, Boyd contends the district court improperly permitted the Government to use a peremptory challenge to strike an African-American juror on the basis of race. See Batson v. Kentucky, 476 U.S. 79, 96-98 (1986). We disagree. The Government struck the juror because he had relatives who had served or were serving jail sentences and because the juror was restless, impatient, and appeared unwilling "to participate in the [trial] in a fair way." These are valid, race-neutral reasons for the juror's dismissal. See United States v. Wiggins, 104 F.3d 174, 176 (8th Cir. 1997) (incarceration of a close family member); United States v. Todd, 963 F.2d 207, 211 (8th Cir. 1992) (impatience). Thus, the district court did not commit clear error in denying Boyd's claim. See Wiggins, 104 F.3d at 176. We do not reach Boyd's related contention that the Government allowed a similarly situated white person to remain on the jury because Boyd raises the argument for the first time on appeal, and even if we considered the contention, it is unsupported by the record.

Boyd's remaining arguments merit little discussion. First, the record contains ample evidence on which the jury reasonably could have found Boyd guilty of the charges. See United States v. Sutton, 41 F.3d 1257, 1260-61 (8th Cir. 1994). Boyd's coconspirators implicated Boyd in the crimes and testified he participated in the credit union robbery with a gun. Also, a credit union teller and a credit union customer identified Boyd as the robber and both stated Boyd pulled the gun from his pocket and pointed it at the teller. Next, we reject Boyd's claim the district court erroneously enhanced his sentence because he obstructed justice by presenting alibi testimony. The district court correctly added two levels to Boyd's sentence for perjured testimony that he was elsewhere at the time of the robbery. See United States v. Brekke, 152 F.3d 1042, 1047 (8th Cir. 1998); U.S. Sentencing Guidelines Manual § 3C1.1 (1997). Finally, Boyd contends the district court improperly admitted coconspirator testimony exchanged for the Government's promise of reduced sentences. Again, Boyd raises this argument first time on appeal, and even if the issue was properly before us, Boyd's reliance on the vacated decision of a Tenth Circuit panel in United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998), is

misplaced.  Contrary to Boyd's view, we agree with that Circuit's recent en banc decision in <u>United States v. Singleton</u>, No. 97-3178, 1999 WL 6469 (10th Cir. Jan. 8, 1999), holding that the federal anti-gratuity statute does not apply to a prosecutor's promises of leniency to cooperating witnesses in exchange for their truthful testimony.

We affirm Boyd's convictions and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.