# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3038
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Steven White, | * | |
| | * | |
| Appellant. | * | |
| | * | |
_____ | * | Appeals from the United States
| * | District Court for the
No. 98-3295 | * | District of Minnesota.
_____ | * | [UNPUBLISHED]
| * |
United States of America, | * |
| * |
Appellee, | * |
| * |
v. | * |
| * |
Robert White, | * |
| * |
Appellant. | * |

_____

Submitted: December 6, 1999

Filed: December 10, 1999

_____

Before WOLLMAN, Chief Judge, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

In these consolidated direct criminal appeals, Robert White appeals his conviction entered by the district court[1] upon a jury verdict finding him guilty of aiding and abetting a bank robbery, in violation of 18 U.S.C. §§ 2, 2113 (a), and (d), and of use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1). Steven White challenges the district court's jurisdiction and the sentence imposed after he pleaded guilty to bank robbery and related firearms offenses. We affirm both judgments.

For reversal, Robert White first argues that the magistrate[2] erred in concluding the police had probable cause to arrest him. We conclude that the statements of two of Robert White's co-defendants contained in the FBI Special Agent's affidavit in support of the bench warrant for Robert White's arrest--based on the co-defendants' own first-hand involvement in the robbery, and made against their own penal interests-- provided the magistrate with a substantial basis for determining that probable cause existed to arrest Robert White. See United States v. Mims, 812 F.2d 1068, 1072 (8th Cir. 1987).

Robert White also challenges the sufficiency of the evidence to support his convictions. Viewing the evidence in the light most favorable to the verdict and granting the government every reasonable inference, we conclude there was sufficient

---

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

[2]The Honorable Raymond L. Erickson, United States Magistrate Judge for the District of Minnesota.

evidence for a reasonable jury to conclude that White aided and abetted commission of the bank robbery, and used a firearm in connection with it. See 18 U.S.C. §§ 2, 924(c)(1), 2113(a) and (d); United States v. Boyd, 168 F.3d 1077, 1078 (8th Cir.), cert. denied, 120 S. Ct. 130 (1999); United States v. Triplett, 104 F.3d 1074, 1080 (8th Cir. 1997) (standard of review), cert. denied, 520 U.S. 1236, and cert. denied, 520 U.S. 1270 (1997). The evidence showed that Robert White, along with three co-defendants, executed a "takeover robbery" of a bank during which Robert White, carrying a pillowcase, vaulted the teller counter, struck two tellers with his firearm, and escaped arrest. Following their arrests, two of Robert White's co-defendants identified him as the fourth bank robber.

Finally, we decline to address Robert White's contention that his case should be remanded to the district court for consideration of a downward departure under U.S. Sentencing Guidelines Manual § 4A1.3 (1998), because he did not present this argument below, the district court was aware of his criminal history, and no gross miscarriage of justice is present. See United States v. Williams, 994 F.2d 1287, 1294 (8th Cir. 1993).

Counsel for Steven White has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), on appeal, raising three issues. First, he suggests that Congress lacked authority to enact section 2113, which grants federal courts jurisdiction over bank robberies that occur on land that a state has not ceded to the federal government. We conclude that this argument is meritless, and we note that the indictment containing the charges to which Steven White pleaded guilty stated that the deposits of the victim bank were federally insured. See United States v. Harris, 108 F.3d 1107, 1108-09 (9th Cir. 1997); United States v. McMillian, 535 F.2d 1035, 1037 n.1 (8th Cir. 1976), cert. denied, 434 U.S. 1074 (1978).

Counsel additionally suggests that the district court improperly assessed a reckless-endangerment enhancement under U.S. Sentencing Guidelines Manual

§ 3C1.2 (1998), and Steven White also raises such a challenge in his supplemental pro se brief. At Robert White's trial, a police officer testified that after Steven White--who was fleeing the robbery scene--ignored his orders to stop, he saw Steven pull a "chrome" object out of his coat as he was running "sidestep" from the bank, causing the officer to fire two shots at Steven, and that a firearm fell to the ground where Steven had been shot. Thus, we conclude that the record amply supports the district court's finding that Steven White brandished a firearm during his flight, causing the officer to shoot him, and that the district court properly assessed the reckless-endangerment enhancement. See United States v. Rice, 184 F.3d 740, 742 (8th Cir. 1999).

Counsel further suggests that the district court improperly assessed a use-of-a-minor enhancement under U.S. Sentencing Guidelines Manual § 3B1.4 (1998). We conclude the district court properly assessed the enhancement based on the testimony of a co-defendant--who was age seventeen at the time of the robbery--at Robert White's trial that Robert and Steven White were responsible for planning the bank robbery, and that Steven White summoned the juvenile on the day of the robbery to meet at Robert White's girlfriend's apartment. Cf. United States v. Brack, 188 F.3d 748, 765 (7th Cir. 1999); United States v. Johnson, 169 F.3d 1092, 1099 (8th Cir.), cert. denied, 120 S. Ct. 143 (1999).

In his supplemental pro se brief, Steven White also argues that the district court failed to comply with Federal Rule of Criminal Procedure 32(c)(1) when it relied on testimony from Robert White's trial and the juvenile defendant's transfer hearing in assessing the use-of-a-minor enhancement. We conclude that this argument is meritless. See United States v. Grajales-Montoya, 117 F.3d 356, 364 (8th Cir.), cert. denied, 118 S. Ct. 446, and cert. denied, 118 S. Ct. 586 (1997); United States v. Flores, 73 F.3d 826, 835 (8th Cir.), cert. denied, 518 U.S. 1027 (1996).

In accordance with <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have reviewed the record for any nonfrivolous issues and have found none. We grant counsel's motion to withdraw.

The judgments are affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.