# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1041

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Robert George Jefferson, also known as | * |
| "Taz-Loc," also known as "Buster," | * |
| | * |
| Appellant. | * |

_____

No. 99-1042

_____

Appeals from the United States District Court for the District of Minnesota.

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Yolanda Dean, | * |
| | * |
| Appellant. | * |

_____

No. 99-1050

_____

United States of America,                *
                                            *

              Appellee,          *
                                            *

      v.                           *
                                            *

Robert James Jefferson, also known as   *
"Baby Taz," also known as "Duddy,"    *
                                            *

             Appellant.        *


_____

No. 99-1069
_____

United States of America,                *
                                            *

              Appellee,          *
                                            *

      v.                           *
                                            *

Shanik L. Rodriguez,                *
                                            *

             Appellant.        *


_____

No. 99-1073
_____

United States of America,                *
                                            *

              Appellee,          *
                                            *

      v.                           *
                                            *

Antoine Derrell Brown, also known as    *
"Nut," also known as "Norton," also    *
known as "Nickel,"    *
   *
          Appellant.    *

_____

No. 99-1575

_____

United States of America,    *
   *
          Appellee,    *
   *
     v.    *
   *
Damon Aristotle Brown, also known as    *
"Dirty D,"    *
   *
          Appellant.    *

_____

Submitted: May 10, 2000

Filed: June 12, 2000

_____

Before WOLLMAN, Chief Judge, FAGG, Circuit Judge, and HENDREN,* District
     Judge.

_____

_____

    *The Honorable Jimm Larry Hendren, Chief Judge, United States District Court
for the Western District of Arkansas, sitting by designation.

FAGG, Circuit Judge.

Robert George Jefferson (Buster Jefferson), Yolanda Dean, Robert James Jefferson (Duddy Jefferson), Shanik L. Rodriguez, Antoine Derrell Brown, and Damon Aristotle Brown (collectively the appellants) appeal their convictions related to the activities of their Twin Cities-based street gang, including the arson murder of five young children, the murder of a rival gang member, attempted murder, and drug trafficking.

Initially, the appellants raise several trial-related contentions, which we reject. First, the record contains substantial evidence supporting the jury's guilty verdicts. Because Buster Jefferson and Yolanda Dean were convicted both for their roles in a continuing criminal enterprise (CCE) and of drug conspiracy (a lesser included offense of CCE), however, their conspiracy convictions must be vacated on double jeopardy grounds. See United States v. Jelinek, 57 F.3d 655, 660 (8th Cir. 1995). Second, the district court did not abuse its discretion in denying the motions for severance – the violent crimes with which Buster Jefferson and Duddy Jefferson were charged and the drug trafficking offenses were "part of a common scheme or plan," the Government and the district court repeatedly reminded the jury that the violent crimes evidence was admissible only against Buster Jefferson and Duddy Jefferson, there was no "danger that the jury w[ould] unjustifiably infer that [the appellants' antagonistic defenses] alone demonstrate[d] that [all the appellants] [we]re guilty," and the jury's acquittal of various appellants on a variety of charges "shows they were able to separate out the drug-related evidence from the murder-related evidence." United States v. Delpit, 94 F.3d 1134, 1142-44 (8th Cir. 1996) (quoted cases and quotation marks omitted). Third, with one exception, the district court correctly instructed the jury. Although the district court failed to instruct the jury that it must unanimously agree on which three or more acts constitute the "series of violations" requirement in the CCE, see Richardson v. United States, 526 U.S. 813, 824 (1999), the omission was harmless in this case because the jury convicted Buster Jefferson and Yolanda Dean of more than three

predicate federal narcotics offenses, see United States v. Escobar-De Jesus, 187 F.3d 148, 161-62 (1st Cir. 1999), cert. denied, 120 S. Ct. 1208 (2000).  Contrary to Damon Aristotle Brown's view, the district court properly refused to give his requested buyer-seller instruction, because the instruction "is not appropriate when [as in this case] there is evidence of multiple drug transactions, as opposed to a single, isolated sale."  United States v. Wiggins, 104 F.3d 174, 177 (8th Cir. 1997).  Fourth, we reject the assertion that counsel for Shanik L. Rodriguez improperly vouched for Government witnesses in counsel's final argument – Rodriguez's counsel "did not express a personal opinion regarding [witness] credibility, did not make any guarantees of truthfulness, and did not imply that she knew something that the jury did not."  United States v. Santana, 150 F.3d 860, 863 (8th Cir. 1998).  Finally, the district court did not abuse its discretion in refusing to strike Rodriguez's coercion defense – Rodriguez's testimony provided a sufficient basis to submit the defense to the jury and it was for the jury to decide whether it believed Rodriguez's testimony.

We are also satisfied the district court correctly resolved the appellants' challenges to certain evidence offered by the Government.  Only three of the appellants' evidentiary challenges merit brief discussion.  First, we reject the contention that the district court improperly permitted a Government witness to testify that he overheard Willie Hart talking on the telephone with Buster Jefferson about their botched attempt to murder Andre Coppage by burning down his home and the deaths of Coppage's five siblings, rather than Coppage, in the fire.  The witness also testified that, while on the telephone with Buster Jefferson, Hart relayed to Duddy Jefferson (who was in the room with Hart) that the three of them had killed the wrong people in the fire.  As the Government properly contends, Hart's statements were admissible under Federal Rule of Evidence 801(d)(2)(E), which provides that statements are not hearsay if they are made by coconspirators "during the course and in furtherance of the conspiracy."  As this court has held, "statements that describe past events are in furtherance of the conspiracy if they are made . . . simply to keep coconspirators abreast of current developments and problems facing the group."  United States v. Darden, 70 F.3d 1507,

1529 (8th Cir. 1995); accord United States v. Carr, 67 F.3d 171, 174 (8th Cir. 1995) (statement concerning progress of conspiracy admissible under Rule 801(d)(2)(E)). Second, the district court properly admitted Buster Jefferson's earlier felony conviction for witness tampering and Duddy Jefferson's juvenile conviction for assault – convictions the Jeffersons received after beating Coppage for providing police officers with the description of a fellow gang member who shot and killed a rival gang member at a house party. The evidence at trial established Buster Jefferson concocted the scheme to murder Coppage after deciding the beating was insufficient retaliation for breaking the gang's code of silence. Thus, the witness tampering and assault convictions were admissible under the theory of res gestae, because the convictions were "'so blended or connected with the [charged crimes of Coppage's attempted murder and the murders of his five siblings] that proof of [the witness tampering and assault convictions] incidentally involve[d] the [charged crimes]; or explain[ed] the circumstances thereof; . . . or tend[ed] logically to prove any element of the crime[s] charged.'" United States v. Riebold, 135 F.3d 1226, 1229 (8th Cir.), cert. denied, 524 U.S. 944 (1998) (quoted case omitted). Contrary to Buster Jefferson's view, the United States Supreme Court's decision in Old Chief v. United States, 519 U.S. 172, 174 (1997), did not require the Government to agree to Jefferson's offer to stipulate to the fact of the earlier felony conviction rather than admitting the nature of the conviction because "the purpose of the evidence [was not] solely to prove the element of prior conviction" on a felon in possession of a firearm charge. Third, the district court did not violate either Federal Rule of Evidence 609(d) or 18 U.S.C. § 5038 by admitting evidence of Willie Hart's guilty plea to juvenile drug trafficking charges and Hart's pending federal juvenile charges relating to the murder of the five Coppage children. Rule 609(d), which prohibits the use of juvenile convictions to attack a witness's credibility, is not applicable because the evidence was not admitted for impeachment purposes but was admitted instead to explain Duddy Jefferson's motive in confessing to a fellow prisoner (a Government witness during trial) his involvement in the arson deaths of the Coppage children – a confession which occurred immediately after Jefferson learned of Hart's drug-related guilty plea and in which Jefferson told the

Government witness he was afraid Hart was cooperating with authorities and would implicate Jefferson in the Coppage children's deaths. Likewise, § 5038, which prohibits the disclosure of juvenile records to unauthorized parties, does not bar the admission of Hart's guilty plea or pending charges – the evidence was admitted without any objection from Hart and the appellants do not have standing to object on Hart's behalf.

Yolanda Dean, Damon Aristotle Brown, and Antoine Derrell Brown also raise several meritless sentencing arguments. The district court's factual findings regarding the quantity of cocaine, role in the offense, and acceptance of responsibility are not clearly erroneous. Additionally, the arguments about unfair sentencing treatment and the Government's bad faith failure to move for a substantial assistance downward departure are either unsupported by the record, without legal merit, or both. We have reviewed and now reject those pro se arguments properly raised on appeal and decline to consider those pro se contentions raised for the first time on appeal. We also decline to consider Antoine Derrell Brown's pro se ineffective assistance of counsel claim because that claim is properly raised in postconviction proceedings.

Having satisfied ourselves that the case was well tried over the course of six weeks in the district court, that no reversible error of law or fact appears, and that the parties' submissions show they are thoroughly familiar with the issues before the court and the controlling principles of law, we conclude that an extended discussion applying these principles to the unique facts in this case would serve no useful purpose. We thus affirm the convictions and sentences without further discussion with a limited remand to the district court to vacate the drug conspiracy convictions of Robert George Jefferson and Yolanda Dean. We deny Antoine Derrell Brown's motion to strike the Government's responsive brief. We also deny the renewed motion of Antoine Derrell Brown's counsel to withdraw; however, when Brown's counsel informs the clerk of this Court that he has complied with Part V of this Court's Plan to Expedite Criminal Appeals, we will reconsider his motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.