# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3236MN

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the District |
| | * | of Minnesota. |
| Alan Harold Roebke, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: March 13, 2003

Filed: June 30, 2003

_____

Before WOLLMAN, RICHARD S. ARNOLD, and SMITH, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


Alan Roebke was convicted of converting to his own use grain pledged to the Commodity Credit Corporation. A jury found him guilty on each of five charges in the case, and he was sentenced to 30 months in prison. On appeal Mr. Roebke contends that the District Court[1] erred in overruling his Batson challenge to the

_____

[1]The Hon. James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

government's peremptory strike of an African-American jury venire member. For the reasons given below, we affirm.

## I.

The District Court's denial of a Batson challenge is reviewed for clear error. United States v. Moore, 895 F.2d 484, 485 (8th Cir. 1990). A finding of intentional discrimination is a finding of fact, and "[s]ince the trial judge's findings . . . largely will turn on evaluation of credibility, a reviewing court ordinarily should give those findings great deference." Batson v. Kentucky, 476 U.S. 79, 98 n.21 (1986).

Appellant's argument is that the sole African-American member of the jury venire pool, Teranda Brown, was struck from the jury for reasons which were not race neutral. Ms. Brown informed the prosecutor that she had a federal student loan and, when asked, explained that she had, as yet, made no payments on this loan. The prosecutor later stated that he had reasonably assumed from her answer and demeanor that she was in default on her student loan. Six other members of the jury venire pool, who later served as jury members or alternate jurors, had also had federal loans. Another juror, a white man, Jeffrey Maass, had loans which had not been repaid, yet the prosecutor's voir dire of Mr. Maass did not lead him to draw the same conclusion as he did with Ms. Brown.

In order to find purposeful discrimination in the use of a peremptory challenge under Batson, Mr. Roebke must first make a prima facie case of racial discrimination. If such a showing is made, the government must suggest a race-neutral explanation for the strike. Finally, if a race-neutral explanation is offered, the trial court must decide whether the party objecting to the strike has proved purposeful discrimination. Purkett v. Elem, 514 U.S. 765, 767 (1995); United States v. Jones, 245 F. 3d 990, 992 (8th Cir. 2001).

Mr. Roebke relies heavily on the fact that the lone African-American member of the venire pool was struck to support his claim that a prima facie case of racial discrimination was made. However, this Court has held that "[a]lthough the number of African-Americans struck is relevant to determining whether a defendant has made a prima facie case, that evidence alone is insufficient to negate or create such a case." Luckett v. Kemna, 203 F.3d 1052, 1054 (8th Cir. 2000). We need not dwell on this point.

The government, by offering a race-neutral explanation, in effect excused the appellant from establishing a prima facie case of racial discrimination. Hernandez v. New York, 500 U.S. 352, 359 (1991). In response to the Batson challenge, the prosecutor explained that because Ms. Brown did not initially disclose that she held a federal loan, was unemployed, and stated that she had made no payments on the loan, he assumed that she was in default. Trial Tr. at 83-84. Such a rationale for exclusion of a juror would be race neutral. Devoil-El v. Groose, 160 F.3d 1184,1186-87 (8th Cir. 1998). If there is no inherently discriminatory intent in the prosecutor's explanation, "the reason offered will be deemed race neutral." Purkett, 514 U.S. at 768.

The third phase of the Batson analysis is the trial judge's assessment of whether purposeful discrimination has been proved. Purposeful discrimination "implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." Hernandez, 500 U.S. at 360. The District Court found no Batson violation and stated that it too had assumed from Ms. Brown's responses that she had made no payments on the loan. Trial Tr. at 84. The Court did not specifically find the loan was in default, but it did find that the prosecutor was not guilty of purposeful discrimination. This finding is not clearly erroneous. Mr. Maass, who served on the jury, had also

made no payments, but, unlike Ms. Brown, he forthrightly admitted as much from the beginning of the voir dire.

Mr. Roebke's argument that the prosecutor's striking Ms. Brown, but not Mr. Maass, is evidence of "subconscious" discrimination is not relevant. Under <u>Batson</u>, in order for a court to find discrimination in the selection or rejection of jury members, the discrimination must be purposeful.  <u>Purkett</u>, 514 U.S. at 767.

For the reasons given above, we affirm the District Court's judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.