# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1245

_____

United States of America,        \*
                                 \*

         Appellee,        \*

                                 \*  Appeal from the United States

    v.                        \*  District Court for the Southern

                                 \*  District of Iowa.

Karl Lynn Hunt,        \*

                                 \*

         Appellant.      \*

_____

Submitted: June 17, 2004
Filed: June 25, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and RILEY, Circuit Judges.

_____

FAGG, Circuit Judge.

Iowa troopers stopped a vehicle for speeding. The trooper called a drug dog to the scene, and the dog alerted to the car's trunk. Twenty-five pounds of cocaine were found inside. Karl Lynn Hunt, a passenger in the car, was arrested along with the car's driver. Hunt requested an attorney. Later, at the police post, Hunt was approached by Agent Lamp of both the State of Iowa Narcotics Task Force and the Federal DEA Task Force. After Agent Lamp introduced himself as a member of both the state and federal drug task forces, showed Hunt his credentials, and asked Hunt if he would be willing to cooperate, Hunt asked the agent, "How much money would it take for you to keep the dope and for us to go home?" The Government charged

Hunt with drug offenses and with obstruction of justice for trying to bribe the agent. After the drugs were suppressed, Hunt was tried and convicted on the obstruction of justice charge. Hunt appeals, and we affirm.

Hunt first contends the district court[*] committed error in overruling his <u>Batson</u> challenge to the Government's peremptory strike of the only African-American prospective juror. The Government gave two reasons for the strike: the prospective juror's brother had been convicted of an armed robbery, and the juror's mother was a lawyer. The district court initially denied the strike, stating that although the Government "in no way" had any ill motive, there was a "rational basis upon which you can conclude this strike is based upon the fact that he is the sole African-American on the jury panel." After reviewing case law, however, the district court excused the juror, stating "had I read the United States versus Roebke case two hours ago, my ruling would have been different." <u>See</u> <u>United States v. Roebke</u>, 333 F.3d 911, 913 (8th Cir. 2003) ( holding strike of the sole African-American prospective juror is alone insufficient to create a prima facie case of discrimination). We review the district court's rejection of Hunt's <u>Batson</u> challenge for clear error, <u>id.</u> at 912, and find none. The Government offered race-neutral reasons for the strike, and the district court's finding that the Government did not purposefully discriminate is not clearly erroneous. For the first time on appeal, Hunt points to jurors who were not stricken, asserting they are similarly situated to the African-American juror. Because Hunt did not identify any similarly situated jurors at trial, we do not consider the claim on appeal. <u>United States v. Boyd</u>, 168 F.3d 1077, 1078 (8th Cir. 1999).

Hunt next asserts the district court should have suppressed his statement offering money to Agent Lamp because the statement was the product of an illegal detention and arrest and was obtained in violation of his Fourth and Fifth Amendment

---

[*]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

rights. When a defendant commits a new and distinct crime during an unlawful detention, the Fourth Amendment's exclusionary rule does not bar evidence of the new crime. See United States v. Sprinkle, 106 F.3d 613, 619 & n.4 (4th Cir. 1997); United States v. Garcia-Jordan, 860 F.2d 159, 161 (5th Cir. 1988); United States v. Bailey, 691 F.2d 1009, 1016-17 (11th Cir. 1983); see also United States v. Udey, 748 F.2d 1231, 1240 (8th Cir. 1984). Likewise, Hunt's attempted bribe was not protected by the Fifth Amendment's right to counsel because it was not made in response to police interrogation or its functional equivalent. United States v. Withorn, 204 F.3d 790, 796 (8th Cir. 2000); see Rhode Island v. Innis, 446 U.S. 291, 300-01 (1980) (defining interrogation as conceptualized in Miranda as express questioning or any words or actions the police should know are reasonably likely to elicit an incriminating response). Here, Agent Lamp merely identified himself to Hunt and asked him if he would be willing to cooperate with law enforcement. Hunt's statement was not made in response to any question the agent asked. Similarly, Hunt waived his Fifth Amendment right to remain silent because he did not equivocally express his desire to remain silent. Simmons v. Bowersox, 235 F.3d 1124, 1131 (8th Cir. 2001).

Hunt last contends the evidence was insufficient to convict him. Specifically, Hunt asserts the established facts do not satisfy the elements required for conviction under 18 U.S.C. § 1510(a). Section 1510(a) states, "Whoever willfully endeavors by means of bribery to obstruct, delay, or prevent the communication of information relating to a violation of any criminal statute of the United States by any person to a criminal investigator shall be fined under this title, or imprisoned not more than five years, or both." The district court properly concluded § 1510(a) applied to Hunt's attempt to prevent Agent Lamp from reporting Hunt's drug offense to other criminal investigators. See United States v. Leisure, 844 F.2d 1347, 1364 (8th Cir. 1988) (defendant need only believe witness may give information to federal officials, and to prevent this communication, to violate § 1510(a)). The jury could properly conclude from Agent Lamp's testimony that he was a federal criminal investigator.

-3-

We thus affirm Hunt's conviction for attempting to bribe Agent Lamp.

_____