**UNITED STATES of America, Plaintiff,**

v.

**Edward Leon FIELDS, Jr., Defendant.**

**No. 03–CR–073–WH.**

United States District Court, E.D. Oklahoma.

July 19, 2005.

**1330**

Sheldon J. Sperling, United States Attorney, Dennis Fries, Linda A. Epperley, Assistant United States Attorney, Office of the United States Attorney, Muskogee, OK, for Plaintiff, United States of America.

Julia L. O'Connell, Barry L. Derryberry, Michael A. Abel, Office of the Federal Public Defender, Tulsa, OK, Isaiah S. Gant, Office of the Federal Public Defender, Nashville, TN, for Defendant, Edward Leon Fields, Jr.

1. The Tenth Circuit has encouraged trial courts to strive to make a complete record regarding a *Batson* challenge. *United States*

## ORDER

WHITE, District Judge.

This case involves the Government seeking the death penalty against a Defendant who has pleaded guilty to two counts of first degree murder. The Defendant and both victims are Caucasian. On July 13, 2005 during the jury selection stage of trial, the Government exercised a peremptory challenge of Troy Earl Stoutermire. Mr. Stoutermire was the only African–American in the jury pool. At that time, counsel for the Defendant interjected a *Batson* challenge. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The Court conducted a hearing on this challenge, and ruled from the bench with a brief explanation. This order is to memorialize and further explain that ruling.[1]

The Tenth Circuit visited this issue in the matter of *United States of America v. Castorena–Jaime:*

> A party's use of a peremptory challenge to exclude a juror based on the juror's race violates the United States Constitution. *Batson* (citation excluded). Neither the prosecutor nor the defendant may use their peremptory strikes to exclude from the jury panel members of specific racial groups on the basis of the juror's race. *Georgia v. McCollum,* 505 U.S. 42, 59, 112 S.Ct. 2348, 120 L.Ed.2d 33 (1992). A defendant who objects to the prosecutor's strike of a juror need not be of the same race as the juror to state a valid *Batson* objection. *Powers v. Ohio,* 499 U.S. 400, 415–16, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991).

*United States of America v. Castorena–Jaime,* 285 F.3d 916, 927 (10th Cir.2002).

*of America v. Castorena–Jaime,* 285 F.3d 916, 929 (10th Cir.2002).

In analyzing a *Batson* claim, the following procedure is undertaken:

1. The objector must make a prima facie showing that the peremptory challenge is based on race;

2. If the objector meets this burden, the party striking the juror must articulate a race-neutral explanation for striking the juror.

3. If the court finds the striking party's reason is race neutral, the court must determine whether the objecting party has shown purposeful discrimination.

*Id.*, at 927–8. Further, the "party objecting to the use of the peremptory challenge carries the ultimate burden of persuasion." *Id.*, at 928 (citations excluded).

In the instant case, the United States Attorney argued that the Government's challenge was non-racially based due to the following reasons:

A. Mr. Stoutermire has a strong personality;

B. In completing a Juror Questionnaire prior to the commencement of this trial, Mr. Stoutermire indicated that he had previously had a bad experience with law enforcement officers;

C. Mr. Stoutermire was the only juror to choose three (3) different optional answers (out of seven) on the Juror Questionnaire that described his opinion regarding the death penalty issue.

D. It was possible that Mr. Stoutermire belongs to a local church which is pastored by a man that the Government has prosecuted in the past.[2]

From the Court's perspective, Mr. Stoutermire was a young professional with a strong personality consistent with either leadership qualities or an independent streak.[3] The Government struck other strong personalities from the juror pool, some of which the Court believed could have been potential jury foremen. The three answers by Mr. Stoutermire on the Juror Questionnaire reflected somewhat conflicting opinions regarding the death penalty. Moreover, his Questionnaire answer regarding a past problem with police could be construed as revealing contemporary bitterness.

In considering Defendant's *Batson* objection, the Court was willing to assume, without deciding, that a prima facie case of racial discrimination existed in light of the Government's attempted exclusion of the only African–American in the jury pool.[4] Nevertheless, the Court believes that a juror having a strong personality, and having a previous bad experience with law enforcement officials, presents non-racially motivated reasons for a peremptory challenge. The Government could rationally

---

**2.** The Court disregarded this element, as the Government presented no substantiating evidence.

**3.** Nothing Mr. Stoutermire actually stated on the record supports this perspective. Instead, the Court has relied upon its evaluation of the confident and self-composed manner in which Mr. Stoutermire responded to questioning. Most potential jurors were timid or somewhat frightened. Mr. Stoutermire exhibited neither emotion.

**4.** "Once a prosecutor has offered a race-neutral explanation for the peremptory challenges and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether the defendant had made a prima facie showing becomes moot." *Hernandez v. New York*, 500 U.S. 352, 359, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991). *See also, Saiz v. Ortiz*, 392 F.3d 1166, 1178–9 (10th Cir.2004). The Court nevertheless notes the existence of authority suggesting defendant failed to establish a prima facie case. *See United States v. Roebke*, 333 F.3d 911, 913 (8th Cir.2003).

make the strategic decision it wanted to minimize the number of strong personalities on the jury, especially if those personalities had a previous bad experience with police. A person with such a (perceived) personality could conceivably be a lone holdout against the Government's position, or could conceivably lead an anti-law enforcement cadre within the jury. Under these circumstances, the Court views the reasons given by the United States Attorney to be adequately race neutral.[5]

Whether the Government's fears of Mr. Stoutermire's personality traits are undisputably true is not the proper inquiry. Likewise, the Court is thankfully spared the task of evaluating the ultimate wisdom of the Government excluding jurors with strong personalities. In short, simply because a *Batson* challenge is raised, the party exercising the peremptory challenge is not required to show good cause for excluding the subject juror. It is more than sufficient to articulate a cogent, rational basis for the exclusion, notwithstanding the possible rational arguments against the exclusion.[6] Here, the Defendant has not met the burden of persuasion regarding the existence of purposeful discrimination. Therefore, the Government's peremptory challenge of Mr. Stoutermire was allowed.

---

**5.** Additionally, the Court has no reason to doubt the sincerity of the United States Attorney in offering the reasons for exclusion at issue.

**6.** The reason for the exclusion need not even be "plausible." *Purkett v. Elem*, 514 U.S. 765, 767–68, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995); *Saiz v. Ortiz*, 392 F.3d 1166, 1179 (10th Cir.2004).