# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3241

_____

United States of America,      *
         *
       Appellee,      *
         *     Appeal from the United States
   v.             *     District Court for the
         *     District of South Dakota.
Lori Seeking Land,       *
         *        [UNPUBLISHED]
       Appellant.     *

_____

Submitted: May 18, 2012
Filed: June 22, 2012

_____

Before RILEY, Chief Judge, BYE and MELLOY, Circuit Judges.

_____

PER CURIAM.

A jury convicted Lori Seeking Land of two counts of distributing methamphetamine, in violation of 21 U.S.C. § 841, and one count of conspiring to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court[1] entered judgment and sentenced Seeking Land to 120 months imprisonment for her conspiracy conviction, to run concurrently with lesser sentences for the distribution counts.

_____

[1]The Honorable Roberto A. Lange, United States District Judge for the District of South Dakota.

Seeking Land appeals, arguing the district court committed reversible error by refusing to instruct the jury that a buyer-seller relationship, in and of itself, does not constitute a conspiracy to distribute drugs. We disagree.

"Defendants are entitled to an instruction explaining their theory of the case if the request is timely made and if the proffered instruction is supported by the evidence and correctly states the law." United States v. Wiggins, 104 F.3d 174, 176 (8th Cir. 1997). Seeking Land made a timely request for a buyer-seller instruction and objected to the absence of such an instruction.

Seeking Land is correct that "proof of a buyer-seller relationship, without more, is inadequate to tie the buyer to a larger conspiracy" to distribute illegal drugs. United States v. Prieskorn, 658 F.2d 631, 636 (8th Cir. 1981) (quoting United States v. Watson, 594 F.2d 1330, 1337 (10th Cir. 1979) (internal quotation marks omitted)). But Seeking Land is wrong to believe the instruction applies here. "The *Prieskorn* instruction is not appropriate when there is evidence of multiple drug transactions, as opposed to a single, isolated sale." Wiggins, 104 F.3d at 177; see also United States v. Montano-Gudino, 309 F.3d 501, 505-06 (8th Cir. 2002) (holding the district court did not abuse its discretion by omitting a buyer-seller instruction, in part, because unlike in Prieskorn, the defendant in Montano-Gudino was a seller of illegal drugs, not a buyer, and there was evidence of multiple drug transactions).

Here, the government produced evidence showing Seeking Land participated in multiple methamphetamine transactions—both as a buyer *and as a seller*. The evidence also included testimony from two witnesses, one being Seeking Land's brother, describing how they conspired with Seeking Land to distribute fifty grams or more of a substance containing methamphetamine. For example, Seeking Land would break the methamphetamine into smaller quantities and place the drugs in small bags for resale.

"The district court did not err in declining to give [Seeking Land's] proposed [buyer-seller] instruction because it was not supported by the evidence." <u>Wiggins</u>, 104 F.3d at 177.  We affirm the judgment of the district court.

_____